## CO-OPERATIVE PUBLISHING CO. v. WALKER.

1. COUNTER-CLAIM.—There is no rule of law requiring counter-claim to be set up in any specified form.

2. IBID.—Plaintiff sued on written contract, alleging it to mean that defendant bought books on account, and asked for judgment for balance. Defendant answered that he did not purchase books of plaintiff, but only acted as his agent on guaranteed salary under the contract, and that commissions received had not paid his salary, admitted the amount claimed to be due by plaintiff, and set up as counter-claim balance due on salary. *Allowed.*

Before GAGE, J., March, 1900.    Affirmed.

Action on account by Co-operative Publishing Co. against W. E. Walker and J. P. Walker. From judgment for defendants on counter-claim, plaintiff appeals.

*Mr. J. O. Patterson,* for appellant, cites: Code, 170, sub. 1, 171; 15 S. C., 458; 10 S. C., 122, 185.

*Mr. J. J. Brown,* contra, cites: Code, 170; 2 Abbott Forms, 848; Pom. Rem., sec. 748; 29 S. C., 130.

July 24, 1901.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The following is the statement in "Case" for appeal: "This is an action on account, and was commenced by the service of the summons and complaint on the 21st day of December A. D., 1899; the defendants answered, and the cause was tried before his Honor, Judge G. W. Gage, and a jury at the March term, A. D. 1900, for Barnwell County. The plaintiff at the trial demurred to the defendant's counter-claim, and the said demurrer was overruled and the cause ordered on to trial. The jury returned a verdict for defendant for the sum of $100, upon which judgment was entered. The plaintiff moved for a new trial, which was refused." This appeal was then taken. The sole questions raised by the appeal relate to the alleged error of the Circuit Judge in overruling the demurrer as to the alleged counter-claim set up by the defendant, and this alleged error is made the basis for the motion for a new trial after verdict for the defendant.

Under these circumstances we have deemed it best, in order that the pleadings may be considered with reference to defendant's counter-claim, to set out both the complaint and the answer. The complaint reads as follows:

"The complaint of the above named plaintiff respectfully shows unto the Court:

"1. That the plaintiff, the Co-operative Publishing Company, is a corporation duly organized and created under the

laws of the State of Nebraska, and was such corporation at the times hereinafter mentioned.

"2. That the defendant, W. E. Walker, became indebted to the plaintiff in the sum of $72.99 for goods and merchandise sold and delivered to the defendant on the 21st day of April, A. D. 1898, and divers other days thereafter up to and including the 4th day of October, A. D. 1898, an itemized statement of which is hereto attached; that said goods and merchandise were sold and delivered to the defendant as above stated at his request and for which he promised to pay.

"3. That no part of said indebtedness has been paid, except the sum of $40.05, as appears by the account hereto attached, and that said defendant is now justly due and owing to the plaintiff the sum of $132.94, with interest from the 1st day of January, A. D. 1899.

"4. That the defendant, J. P. Walker, did on the 6th day of September, A. D. 1898, agree in writing to become responsible to plaintiff for the payment of all bills of goods ordered by the said W. E. Walker from the plaintiff, and that the said goods and merchandise sold and delivered to the defendant, W. E. Walker, as above stated, and for which the defendant is now due to the plaintiff the said sum of $132.94, were sold and delivered to said defendant under the agreement of the said defendant, J. P. Walker, and plaintiff relied upon the surety of the said J. P. Walker, and the statements in the said written guarantee of the said J. P. Walker, surety, a copy of which is hereunto appended. Whereupon plaintiff prays for judgment against the defendants for the sum of $132.94, and for the costs of this action."

The answer was as follows:

"The defendant, W. E. Walker, answering the complaint herein, for a first defense:

"1. Denies each and every allegation in said complaint contained.

"For a second defense: That on the 2d February 1898, the plaintiff company, after many urgent requests, induced the defendant to enter into an agreement, whereby the de-

fendant was to become the agent of the said plaintiff company, for the sale of certain books therein named, the said books being furnished the defendant by plaintiff company, at a discount of fifty per cent., and this defendant agreed to devote eight hours per day during the period mentioned in said agreement to the work of selling said books, making reports of sales, remitting money, and many other conditions and stipulations set forth in said agreement, a copy of which is hereto attached and made part and parcel of this answer.

"2. The defendant admits that he received books from plaintiff company, amounting in value to $172.99, as stated in said complaint. That immediately upon receiving said books he began the work of daily canvassing and soliciting orders, devoting not only eight hours per day but frequently much more time to the work, sometimes working at night and sometimes on Sunday. That he succeeded in selling sufficient books to amount to $80.10, one-half of which amount he remitted to plaintiff company, and he would have sold the remainder of the books, but for the fact that the prices of cotton and other crops were very low, and people wishing to purchase the books had no money to pay for them, of which fact plaintiff company was informed by this defendant.

"3. That at the expiration of the time for which said agreement was run, to wit: 15th November, 1898, this defendant offered to return, in good order, the books he had failed to sell, and the same offer was made through defendant's attorney to said plaintiff company, but no answer received from them. That this defendant never regarded himself as a purchaser of the books, but simply the agent of plaintiff, selling their books on commission and guaranty; and any such claim or claims for any specific time for payment was waived by plaintiff company shipping books to defendant from April to October, 1898. That the chief consideration and inducement for this defendant to enter into said agreement with plaintiff company was the guaranty of

plaintiff company that if defendant devoted the full time as stipulated to the work of canvassing and soliciting orders, and his commissions did not amount to $400, that plaintiff company would pay the defendant in cash the difference between the sum total of said commissions and the said $400. That defendant has fully discharged his duties and obligations as set forth in said agreement. That plaintiff company has hitherto refused to receive from this defendant, in good order, the books left on his hands, valued by plaintiff company at $132.94, and for which they ask judgment against this defendant. That with the commissions received by this defendant, amounting to $40.05, and the value of the books now in the hands of defendant, $132.94, making together $172.99, the plaintiff company would still be indebted to defendant, under the terms of said agreement, and the guaranty therein set forth, the sum of $227.01, which said amount the defendant claims the right to counter-claim, recoup and set off against plaintiff company's demand to the extent thereof, and demands judgment against said plaintiff company for the sum of $227.01, or so much as he may be entitled to, over and above plaintiff's demand."

The following is a copy of the oral demurrer: "The plaintiff demurs to the counter-claim attempted to be set up by the defendant, W. E. Walker, in the second defense contained in his answer, upon the ground that it is not separately and specifically stated and set up as a counter-claim or cross-action, and does not state facts sufficient to constitute a counter-claim."

And the following are the exceptions:

"The defendant appeals from the judgment entered herein in this case upon the following grounds and exceptions:

"1. Because his Honor erred in overruling the oral demurrer of plaintiff to the counter-claim set up by defendant, W. E. Walker, in his answer; whereas his Honor should have held that the counter-claim did not state facts sufficient to constitute a counter-claim or cross-action against the plaintiff.

"2. Because his Honor erred in refusing to set aside the verdict of the jury.

"3. Because the facts constituting the said counter-claim were not separately and specifically stated as a counter-claim."

We will now consider these grounds of appeal. So far as the third ground of appeal is concerned, raising the question as it does that the counter-claim was fatally defective, in that the facts were not separately and specifically stated, we cannot see how this can be so held by us, inasmuch as there is no statute or rule of Court prescribing any particular form for the allegation of facts by a counter-claim. The defendant pleads his allegations of fact as a counter-claim, and those allegations of fact seem to us separately and specifically stated. This ground of appeal is overruled.

As to the first ground of appeal, it seems to us that the complaint and the counter-claim arose out of the same business transaction between the plaintiff and defendant. These parties seem to have taken different views of such business transactions, for the plaintiff evidently thought, for it so alleges, that it made an outright sale of books to the defendant, but it does not set out in the complaint the written agreement made between the parties, although it is careful to set out the agreement it made with J. P. Walker, in September, after the contract to become a guarantee for W. E. Walker; while, on the other hand, the defendant produces his exact contract in writing with the plaintiff. It seems to us that this case falls under subdiv. I., of sec. 171, of the Code of Procedure, which is as follows: "The counter-claim mentioned in the last section" (sec. 170, providing: 'The answer of the defendant must contain * * * 2. A statement of any new matter constituting a defense by counter-claim in ordinary and concise language without repetition;') must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one

of the following causes of action; 1. A cause of action arising out of the contract or transaction set out in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." The plaintiff in its complaint has alleged that W. E. Walker had received books from it for which only partial payment had been made, in effect placed the defendant, W. E. Walker, as having books for which he had not paid, and, therefore, the plaintiff was entitled to judgment therefor. The counter-claim of defendant alleges that any claim plaintiff holds against him is subject to the set-off or counter-claim under the contract he produces. This being so, we see no error here.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be affirmed.