KENTUCKY REFINING CO. v. SALUDA OIL MILL CO.

1. Demurrer—Defenses—Counter-claim—Practice.—Where a defendant sets up as a defense a counter-claim in the nature of damages for a breach of contract, without setting out the contract, and all the allegations necessary to state a cause of action, demurrer is proper remedy to have it stricken out.

2. Pleadings—Answer—Amendments—Discretion.—In this case, the Circuit Judge exercised his discretion wisely in granting motion of defendant to amend its answer after sustaining demurrer.

Before R. H. WELCH, special Judge, Saluda, December, 1903. Affirmed.

Action by Kentucky Refining Co. against Saluda Oil Mill Co.

The third, fourth and fifth defenses are as follows:

"3. As a further and separate defense, this defendant alleges that early in January, 1902, it did offer to the plaintiff two tanks prime crude cotton seed oil at thirty-seven cents per gallon of seven and one-half pounds, loose, f. o. b. Johnston, S. C., in buyer's tanks, for February delivery, and if it be found that there was a contract between the plaintiff and the defendant herein, the plaintiff under the terms of the alleged contract was to furnish to the defendant two tank cars during the month of February, 1902, at Johnston, S. C.; but in breach of said alleged contract the said plaintiff neglected and utterly failed to furnish the defendant with said two tank cars at Johnston, S. C., during the month of February, 1902, and by reason of plaintiff's failure to furnish said tank cars, as per the terms of the said alleged contract with this defendant, this defendant was forced because of the plaintiff's breach of said alleged contract to shut down its mill and utterly cease its operations for a period of about ten days, to the loss and damage of the defendant to the full and just sum of one thousand dollars, and for this amount the said defendant demands judgment against the plaintiff, and alleges that said damages grew out of the plaintiff's breach of the alleged contract between plaintiff and defendant.

"4. As a further and separate defense, this defendant alleges that by reason of the plaintiff's unwarranted and unauthorized action in placing what plaintiff alleges to have been defendant's oil in the hands of the plaintiff's agents at Louisville, Ky., to be sold, and by reason of the plaintiff's agents selling oil alleged to be the defendant's and buying it in for plaintiff, as set forth and charegd in the plaintiff's

complaint, without warrant or authority, the defendant was damaged and wronged by said high-handed, unwarranted and unauthorized proceedings on the part of plaintiff and by the said plaintiff's failure to pay the real value of the said oil, in the full and just sum of five hundred thirty-nine and 70-100 dollars, and for this amount the said defendant demands judgment against the plaintiff, and alleges that the said damages grew out of the plaintiff's breach of the alleged contract between plaintiff and defendant.

"5. As a further and separate defense, this defendant alleges that at time the plaintiff had purchased for its use on account of this defendant for what the plaintiff claimed to be to replace prime oil alleged to have been contracted for from this defendant, there was a difference of one and one-half cents per gallon in the market price of prime crude cotton seed oil as compared with the market price of the same grade of oil at the time plaintiff alleges to have contracted with the defendant for said two tanks of oil, the said difference in the market price being one and one-half cents lower, and if it be found that there was a contract between the plaintiff and the defendant herein, as alleged by the plaintiff, this defendant is entitled to the benefit of the aforesaid difference of one and one-half cents in the price of the said oil, which said difference amounts to the full and just sum of one hundred eighty-six and 63-100 dollars, and for this amount the said defendant demands judgment against the plaintiff, and alleges that the said demand grew out of the transaction pleaded by the plaintiff in his complaint."

From order sustaining demurrer to answer, defendant appeals; and from order permitting defendant to amend its answer, plaintiff appeals.

*Messrs. J. Wm. Thurmond* and *C. J. Ramage,* for plaintiff, cite: *Amendment stating new cause of action not permissible:* 24 S. C., 474. *Counter-claim must state cause of action:* Pom. Rem., 2 ed., 775, 776, 786, 992; 19 Ency., 2

ed., 754, 760, 763, 764; 37 S. C., 160. *Alternative pleading not allowable:* 67 S. C., 146; 36 S. C., 36; 15 S. C., 8; 5 Ency. P. & P., 12; 1 Id., 777; 38 Fed. R., 711; 17 Ency., 19; 79 Ky., 164; 104 Ala., 241; 100 Ala., 451; 25 S. C., 192; Pom. Rem., 2 ed., 673, 687; 36 S. C., 28. *Defendant cannot set up a counter-claim for damages arising in tort in no way connected with plaintiff's cause of action:* Code Proc., 171; 20 S. C., 258; 5 Ency., 1 ed., 13; 20 S. C., 258; 21 S. C., 289; 8 Ency., 608; Spear's L., 536; Dud. L., 180; 10 Rich. Eq., 232; 25 S. C., 68; McC. L., 489, 584; 54 Am. R., 676; 8 Ency., 2 ed., 616; 53 L. R. A., 33; 52 L. R. A., 209; 5 Ency., 1 ed., 13; 17 S. C., 73; 54 S. C., 504; 1 Strob., 525; 2 Green. Ev., 2101; 60 S. C., 269, 412; 44 S. E. R., 310; 37 S. C., 14; 28 S. C., 231; 65 S. C., 490. *Demurrer is proper remedy:* 12 S. C., 1; 66 S. C., 61.

*Messrs. B. W. Crouch* and *Eugene W. Able,* for defendant, cite: *Motion and not demurrer was plaintiff's remedy:* Code Proc., 181; Bliss Code Pl., sec. 317; 19 Ency. P. & P., 777; 27 S. C., 623; 30 S. C., 111; 37 S C., 327; 39 S. C., 436; 6 Ency. P. & P., 347. *Offsets claimed by defendant are direct and proximate results of acts of plaintiffs:* 25 S. C., 68; 66 S. C., 61. *Right of Court to permit amendment is discretionary:* Code Proc., 193, 194, 195; 41 S. C., 385; 14 S. C., 41; 27 S. C., 318; 26 S. C., 474; 28 S. C., 86; 51 S. C., 313; 19 Ency. P. & P., 778, 779; 66 S. C., 61.

November 8, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. In this case, both the plaintiff and the defendant are appellants. The defendant has appealed from an order sustaining a demurrer to the third, fourth and fifth defenses set up in its answer. The plaintiff has appealed from an order allowing the defendant to amend its answer. The defendant also served notice that it would ask this Court to sustain the order permitting the amendment to the answer for additional reasons to those assigned by his Honor, the Circuit Judge.

The complaint alleges a cause of action for damages arising out of a breach of the contract therein set forth. In order to understand clearly the questions presented by the exceptions, it will be necessary to incorporate the third, fourth and fifth defenses in the report·of the case.

The first question that will be considered is whether the Circuit Judge erred in his ruling, that a demurrer, instead of a motion to make definite and certain, was the appropriate remedy for curing the defects in the defenses interposed in the answer. Our construction of the defenses (as they are denominated in the answer) is that the defendant attempted to set up counter-claims arising out of a breach of contract, for it will be observed that it seeks affirmative relief. *Co-operative Pub. Co.* v. *Walker,* 61 S. C., 315, 39 S. E., 525. When an answer sets up a counter-claim, the defendant makes himself in respect to such demand a plaintiff in fact, though not in name, and the sufficiency of the facts to constitute a counter-claim is to be determined in the same manner as when a demurrer is interposed to a complaint, on the ground that it does not state facts sufficient to constitute a cause of action. Pom. Code Rem., section 738; *Kaufman* v. *Stuckey,* 37 S. C., 16, 16 S. E., 192. Each counter-claim must contain within itself all the allegations necessary to its sufficiency without reference to other allegations of the answer. *Harman* v. *Harman,* 54 S. C., 105, 31 S. E., 881; *Berry* v. *Moore Co.*, 69 S. C., 321. In an action for damages arising *ex contractu,* it is essential that the contract be stated correctly and with certainty. 4 Enc. Pl. & Pr., 918; and note 6; 9 Cyc., 713. If the defect in a pleading relates merely to the form, the appropriate remedy is by motion to make definite and certain; but if it is substantial, then it is subject to demurrer.

In Pom. Code Rem., sec. 549, it is said, "The true doctrine to be gathered from all the cases is that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable in-

tendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such sufficiency pertaining, however, to the form rather than the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment." The Court must not be left to surmise, but "must be able to gather from the legal import of the facts which are alleged—although improperly alleged—the nature of the defense relied on; in other words, the substantial facts which constitute that defense must in some manner appear upon the record." Pom. Code Rem., sec. 600.

The defendant did not attempt to set forth the terms of the contract, and there was an entire failure of these substantial and necessary allegations. Furthermore, it denied that the terms of the contract were correctly alleged in the complaint. Testing the counter-claims by these principles, it is apparent that the defects were substantial rather than formal, and that a demurrer was the proper remedy for correcting them.

The next question for consideration, is whether his Honor, the Circuit Judge, erred in granting the defendant permission to amend its answer. A motion to amend is addressed to the discretion of the Circuit Judge, and this Court will not interfere unless there has been an abuse of discretion, which does not appear in this case; on the contrary, it was wisely exercised. The fact that the demurer was sustained did not prevent the Court from allowing the amendment; *Bischoff* v. *Blease,* 20 S. C., 460.

These views practically dispose of all questions presented by the exceptions.

It is the judgment of this Court, that the orders of the Circuit Court be affirmed.