JOSEPH BURKE, d. b. a., *vs.* CARRIE M. SILCOX, p. b. r.

*Appeal—Justice of Peace—Judgment upon Acknowledgment of Debt—And upon hearing Proofs and Allegations—Motion to Dismiss refused.*

1, The record of the Justice disclosed that the defendant and plaintiff were both present, "and the defendant acknowledging the debt, after hearing the proofs and allegations and maturely considering the same judgment is given" etc. *Held* that even though it should be assumed that the words "acknowledging the debt" are in legal effect a confession of judgment, yet it not clearly appearing that the Justice rendered the judgment upon such confession, he having heard the proofs and allegations, the motion to dismiss the appeal should be refused.

2. An appeal should not be denied, unless it is clear under the law, that it does not lie.

(*June* 5, 1906.)

JUDGES PENNEWILL and BOYCE sitting.

*John F. Lynn* for defendant below, appellant.

*Levin Irving Handy* for plaintiff below, respondent.

Superior Court, New Castle County, May Term, 1906.

APPEAL from a judgment rendered by a Justice of the Peace (No. 187, May Term, 1906). Motion by respondent to dismiss appeal.

*Mr. Handy:*—On the authority of *Gum vs. Adams*, 9 *Houst.* 200, an appeal from a judgment of a Justice of the Peace will not lie where such judgment is rendered upon the confession of the defendant. In this case the transcript of the record filed shows; "The defendant and the plaintiff both being present and the defendant acknowledging the debt, and after hearing the proofs and allegations and maturely considering the same," the Justice gave judgment in favor of the plaintiff. Within the reasoning of the Court in the case of *Dickinson vs. Horn*, 3 *Harr.* 496, it is contended that such acknowledgment by the defendant makes this a judgment by confession, although the record shows that the Justice gave judgment upon the hearing of proofs and allegations, for the reason that the only authority that the Justice has for entering a judgment by confession is that given in *Dickinson vs. Horn, supra*, namely, that the Justice is authorized to give judgment upon proof satisfactory to him, whether upon defendant's admission of the plaintiff's claim or on any other evidence.

*Lynn*, for appellant, contended that the record in the case at bar did not disclose a judgment by confession; that while the record showed that the defendant did acknowledge the debt, yet it showed that the judgment had been rendered by the Justice of the Peace, not upon said acknowledgment as a confession, but upon the proofs and allegations of both parties.

PENNEWILL, J.:—In this case of Joseph Burke, d. b. a., *vs.* Carrie M. Silcox, p. b. r., which is an appeal from a judgment of a Justice of the Peace, the plaintiff below has made a motion to dismiss the appeal on the ground that the judgment given by

the Justice was a judgment by confession and that under the law no right of appeal is given in such cases.

In support of his motion the plaintiff below cites two authorities in our own Courts; one being the case of *William A. Gum vs. William D. Adams, Assignee of Charles H. Richards*, 9 *Houston* 200, and the other the case of *John Dickinson vs. Peter Horn*, 3 *Harrington* 496. In the former case the Court held that no appeal would lie from a judgment rendered by a Justice of the Peace upon the confession of the defendant, and in the latter case the Court held that if a case was regularly before the Justice and the case stood for a hearing upon which the Justice was authorized to give judgment upon proof satisfactory to him, it was a valid judgment, whether on the admission of plaintiff's claim by the defendant or on any other evidence. But we think that the case before us can be distinguished from either of those cases. It is true that the record in this case says, "And now to wit, this 6th day of February 1906, the defendant and plaintiff both being present and the defendant acknowledging the debt, after hearing the proofs and allegations and maturely considering the same judgment is given," etc. But even though we assume that the words "acknowledging the debt" are in legal effect a confession of judgment, yet it does not clearly appear that the Justice in this case actually rendered the judgment upon confession of the defendant, for the record says he heard the proofs and allegations.

We think that the Court should not deny to any defendant in an action before a Justice of the Peace an appeal, unless it is clear, under the law, that he is not entitled to such appeal; and not being clear that it is so in this case we refuse the motion to dismiss the appeal.