6942

INMAN & CO. *v.* HODGES.

DISCONTINUANCE—DISCRETION.—Where an action has been commenced,
counterclaim set up and some evidence taken by plaintiff's *de bene
esse,* plaintiffs have not the right to discontinue on motion noticed,
but discontinuance is discretional with trial Judge.

Before DANTZLER, J., Marlboro, November, 1907. Af-
firmed.

Action by Inman & Co. against P. A. Hodges.   From order refusing motion to discontinue, plaintiffs appeal.

*Messrs. John W. LeGrande* and *Burke, Rivers* and *Erckman,* for appellant.   *Mr. LeGrande* cites: *A plaintiff has the right to discontinue his action as a matter of law:* 1 Bail., 262.   *When right to discontinue is within discretion of Court:* 37 S. C., 122.   *Filing a plea of set-off in no wise impairs plaintiff's right to a discontinuance:* 25 Ency., 499; 15 Ark., 148; 5 Fla., 196; 8B. Mon., 285; 30 Me., 27; 11 Mass., 206; 2 Wend., 295; 7 Watts., 296; 2 Brev., 32; 1 Bail., 362.

*Messrs. Newton* and *Owens,* contra, cite: *Discontinuance is within discretion of Court where rights of others have intervened:* 1 Rich. Eq., 294; 37 S. C., 121; 65 S. C., 500; 2 McC. Eq., 418; 14 Cyc., 418; 71 S. C., 512.   *Counterclaim prevents discontinuance:* 3 Cur. L., 1098; 5 Id., 1012; 14 Cyc., 409; 34 S. E., 198; 38 S. E., 977; 69 L. R. A., 97.

July 7, 1908.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The question involved in this appeal is, whether his Honor, the Circuit Judge, erred in refusing the plaintiffs' motion for an order allowing them to discontinue their action.

The plaintiffs, J. Walter Inman and James F. McGowan, are partners in trade, with their principal place of business in Augusta, Ga., and a branch office in Charleston, S. C., under the management of their agent, John F. Maybanks, who entered into an agreement with the defendant to buy cotton for them during the year 1902.

The plaintiffs commenced this action in November, 1903, in the Court of Common Pleas for Marlboro county, to recover the sum of three hundred and seventy-two dollars and seventy-six cents, alleged to be due them by reason of an overdraft on the part of the defendant.

The defendant set up a counterclaim, in the sum of eleven hundred and sixty-six dollars and ninety-three cents.

The following statement appears in the record:

"The plaintiffs regularly served on attorneys for defendant notice of taking testimony *de bene esse* in the city of Charleston on the        day of October, 1907, before F. K. Myers, notary public; that at the time and place mentioned, Newton and Owens, of Bennettsville, S. C., appeared for defendant; Messrs. Burke, Rivers and Erckman, were present, representing the plaintiffs.   The testimony of John F. Maybanks and James L. Ferguson was taken, and duly and regularly forwarded to the clerk of the court of Marlboro county, the said testimony being made up of questions and answers and of written evidence, introduced and made a part of the testimony."

The plaintiffs gave notice that they would make a motion on the 25th of November, 1907, for an order discontinuing their action.

The record contains this statement:

"The cause was argued before Judge Dantzler on November 25, 1907, who stated to attorneys for plaintiffs that he was disposed to grant the discontinuance, unless the discontinuance would work injury to the defendant, and that before granting an order in the case he wished to know if the plaintiffs would accept service upon summons and complaint in a new action, if defendant desired to bring an action on the cause of action set up in the counterclaim.   That the attorneys for the plaintiffs took the proposition under consideration, and later informed the Court that they would not agree to the acceptance of such service."

His Honor, the Circuit Judge, then granted an order refusing the motion, on the ground that it would be prejudicial to the rights of the defendant.

The exceptions are as follows:

1. "Because his Honor, the presiding Judge, erred in holding that the plaintiffs could not discontinue their action as a matter of right.

2. "Because his Honor erred in holding that it was in the discretion of the Court to refuse the motion to discontinue when it was clearly made to appear to the Court that notice of such motion was given to attorneys for defendant before case was called for trial."

In the case of *Bank* v. *Rose,* 1 Rich. Eq., 292, Chancellor Harper, who delivered the opinion of the Court, used this language: "The general rule is, as contended for, that the plaintiff, at any time before the decree, perhaps before the hearing, may dismiss his bill, as of course, upon payment of costs; but certainly it can not be said that the rule is without exception. The exception stated in the general rule is, that it is within the discretion of the Court to refuse him permission to do so, if the dismissal would work a prejudice to the other parties; and I gather from the cases compared with each other that it is not regarded as such prejudice to a defendant that the complainant, dismissing his own bill, may at his pleasure harass him by filing another bill for the same matter. But whenever, in the progress of a cause, a defendant entitled himself to a decree, either against the complainant or against the codefendant, and the dismissal would put him to the expense and trouble of bringing a new suit and making his proof anew, such dismissal will not be permitted. * * * In the case of *Booth* v.          , the plaintiff to a cross bill, was not permitted to dismiss, after the original and cross bill had been set down for hearing. I do not understand this to have been because it was a cross bill; it would seem as if the original cause might have gone on as well as if the cross bill had never been filed. It was because it would work a prejudice to. the original plaintiff."

In the case of *Forrest* v. *City Council,* 65 S. C., 500, 43 S. E., 952, it is said: "The rule is well settled that plaintiff may be granted leave upon payment of costs to discontinue his suit before verdict in action at law, and before the decree in a suit in equity, where the cause has not so far progressed as to entitle defendant to a decree against plaintiff or a codefendant, and where no intervening party has acquired a

right to a retention of the cause. Citing *Branham* v. *Brown,* 1 Bailey, 262; *Johnson* v. *Basguere,* 1 Speer, 307; *Bossard* v. *Lester,* 2 McCord. Eq., 418; *Bank* v. *Rose,* 1 Rich. Eq., 294; *Latimer* v. *Sullivan,* 37 S. C., 120, 15 S. E., 798; 6 Ency. Pl. & Pr., 833, 834."

This language is quoted with approval in the case of *Shelton* v. *R. R.,* 74 S. C., 80.

There are, however, exceptions to the rule thus generally stated. "At common law, the filing of a plea or answer in any form of action, merely responsive to the plaintiff's complaint, does not affect his right to a voluntary termination of his action. Nor, at common law, did the filing of a counterclaim or plea of set-off have any efficacy in that respect. But the very general rule now is that the defendant who has filed a cross bill or counterclaim setting up affirmative relief is deemed a plaintiff therein, and he cannot thereafter be deprived of his right to a just trial of his cause by a voluntary dismissal or nonsuit by the plaintiff, even where a statute expressly provides that the plaintiff may discontinue at any stage, previous to the rendition of the judgment, unless the plaintiff obtains a discretionary order from the Court upon his showing that the retention of his pleadings is not required for the fair trial of the defendant's cause of action, or the cross bill or counterclaim has been first dismissed out of Court, or the counterclaim or set-off is not filed until after the motion is made by the plaintiff, although before its decision or the matters therein alleged are pending before the Court in another action." 6 Enc. of Pl. & Pr., 847-851.

A counterclaim is in the nature and has all the characteristics of a separate and independent action. *Refining Co.* v. *Oil Mill Co.,* 70 S. C., 89, 48 S. E., 987.

The defendant had been put to the inconvenience of appearing by counsel when the testimony was taken *de bene esse.* The object of the plaintiffs was not to discontinue their action, but to dismiss the counterclaim of the defend-

ant; otherwise they would have accepted the proposition of the Circuit Judge.

Suppose the counterclaim was not barred by the statute of limitations when it was set up as a defense, but more than the statutory period had elapsed at the time the plaintiffs made the motion to discontinue their action, could it be considered for a moment that equity and justice would permit the plaintiffs thus to destroy the defendant's right of action?

This illustration shows that there are exceptions to the general rule, and the case under consideration falls within the exceptions.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.