GEORGE ERNEST PALEY, Defendant Below, v. THE STATE OF DELAWARE.

(*September* 25, 1947.)

PEARSON, J., sitting.

*Daniel J. Layton* for defendant below.

*Daniel J. Layton, Jr.,* for the State.

Superior Court for Sussex County, No. 22, April Term, 1947.

PEARSON, J.:

The record of the Justice of the Peace sets forth that on January 29, 1947, the defendant, Paley, was arraigned on a charge of violating a section of the Motor Vehicle Laws, that he pleaded guilty, was fined $100, and that he paid the fine and costs. Defendant has filed the following exception to the record:

"That it does not appear from the record that the Justice of the Peace advised the defendant of his right to take an appeal from the decision of said Justice of the Peace and to inform the defendant of the time and manner in which the appeal must be taken."

Defendant relies on a statute which imposes a duty on Justices of the Peace to inform parties of their rights of appeal, 41 Laws of Del., Chap. 208, p. 653, as follows:

"It shall be the duty of all Justices of the Peace in this State, after passing judgment in all civil and criminal cases, to immediately advise the party litigants in civil cases and defendants in criminal cases of their right to take an appeal from the decision of the Justice of the Peace and to inform all party litigants and defendants of the time and manner

in which the appeal must be taken. The records of the Justice of the Peace shall contain an entry indicating the information given by the Justice of the Peace."

In Baxter v. State, 9 W. W. Harr. 223, 197 A. 678, 681, an exception similar to the present, taken in a similar situation, was overruled. Defendant's counsel points out that it appears from the opinion that the court considered only whether the duty to inform is jurisdictional, decided that question in the negative, and overruled the exception for this reason. The court added that although failure of the docket to show any entry of the information given to the defendant does not render the judgment defective on certiorari proceedings, the duty to give appeal information exists and a justice's failure to comply with the statute "would constitute an omission of duty which may be considered in other appropriate proceedings." The proceedings alluded to doubtless include those which call for the exercise of the power and authority of the Superior Court "to examine, correct and punish the contempts, omissions, neglects, favors, corruptions and defaults of all justices of the peace" and other officers, under Rev. Code of Del., 1935 § 4275.

Defendant argues that the primary object in enacting the appeal information statute was to safeguard the rights of litigants and defendants in criminal proceedings; that the imposition of the duty upon Justices of the Peace creates a clear legal right in litigants and defendants; that punishing a Justice for an omission of this duty "is poor consolation to one who has suffered because of his ignorance of the law." Continuing, defendant contends that on certiorari, the court "may reverse a judgment not only for want of jurisdiction, but also for not proceeding in the manner the law directs", citing Bailey v. Luff, 2 Harr. 292 note; 1 Woolley on Delaware Practice § 896, and other

authorities; and that this aspect of the function of certiorari was not brought to the attention of the court in the Baxter case, nor considered by it. Defendant concludes that an entry on the record as directed by the appeal information statute is essential to a "perfect judgment" and that the absence of such an entry warrants a reversal of the judgment by analogy to the rule with respect to entries required by Rev. Code § 4514. Compare: 1 Woolley on Delaware Practice §§ 923-937.

If failure to comply with the statute has no other legal consequence than to make possible the punishment of the Justice for his omission or neglect, then from the standpoint of a party entitled to but not given the information in any particular case, the benefit of the statute is meager, indeed. Yet, to strike down a judgment because of the Justice's failure in this respect seems drastic and inappropriate for the protection of the interests concerned and for the accomplishment of the purpose of the statute. The failure to give information and to make a record of it bears no relation to the culpability of a defendant in a criminal case, nor to the merits of the respective positions of the parties in a civil case, nor to the legality of the proceedings down to and including judgment in either class of cases. The interests of the public in the enforcement of the criminal laws, and the interests of a litigant who has succeeded before the Justice in a civil case demand consideration in determining the legal consequences of the Justice's failure to comply with the statute. A reversal of the judgment would reflect a disregard of these interests.

The statute does not authorize an appeal. That is done by other acts. Here, the relevant appeal statute, Rev. Code § 5685, provides as follows:

"Any person convicted under the provisions of this Chapter shall have the right to an appeal, unless otherwise

stated in this Chapter, to the Court of General Sessions of the County, upon giving bond in the sum of Five Hundred Dollars ($500.00) to the State with surety satisfactory to the Mayor, Justice of the Peace or Judge before whom such person was committed. Such appeal to be taken and bond given within five (5) days from the time of conviction."

The purpose of the information statute is to obviate instances of parties failing to perfect appeals because of their ignorance of this privilege or of the time and manner in which it should be exercised. To that end, the statute directs the giving of information, and the recording of it, in all cases. The statute thus deals particularly with the matter of appeals, not with anything concerning the obtaining of a judgment. To give the statute due operative effect in cases where its provisions are not complied with, it is logical that the consequences should extend only to what seems reasonable and practicable to carry out the purpose of the statute and to offset the harm done.

In such a case, if a party actually prosecutes an appeal no harm is done by the Justice's neglect, and there is no further substantial purpose of the statute to be effectuated. However, the appeal statutes fix periods for the taking of appeals which may expire before a party is apprised of his rights. (If a party never learns of his right to appeal and to information about it, he will, of course, be bound by the judgment and any remedy he might have will be unavailing.) The appeal statutes and the information statute relate to the same subject, appeals, and it is the duty of a court to construe them with reference to each other so as to produce an integrated procedure which accords a reasonable, effective operation to each. To do this, it seems to me that the period for appeals under the appeal statute should be construed as not beginning to run

until the Justice's duty imposed by the information statute is performed. This construction results in the most feasible protection which can be afforded under the circumstances to all interests concerned, and harmonizes the operation of the statutes.

Accordingly, I hold that the defendant here is not barred from taking an appeal by reason of the pertinent appeal statute, and that no cause for a reversal of the judgment in this proceeding has been shown. In so deciding, it has not been necessary to consider whether the plea of guilty and payment of the fine should defeat an appeal. That question should more properly be determined, if raised, in an appeal proceeding.

The exception should be overruled.