SIDNEY BERNSTEIN, t/a Tasty Candy Company, Defendant Below, Appellant, v. BURGESS BATTERY COMPANY, an Illinois corporation, Plaintiff Below, Appellee.

*(June* 16, 1961.)

SOUTHERLAND, C. J., WOLCOTT, Justice, and SHORT, Vice Chancellor, sitting.

*Nathan P. Michlin* and *Joseph P. Hurley* for appellant.

*Louis Goldstein* for appellee.

Supreme Court of the State of Delaware, No. 18, 1961.

SOUTHERLAND, C. J.:

This is an interlocutory appeal from the Superior Court under the recent amendment to Article IV, Section 11 of the Constitution, *Del. C. Ann.* 52 *Del. L.* c. 240.

The point before us is whether a losing plaintiff in a suit before a justice of the peace must give security to perfect an appeal to the Superior Court.

Burgess Battery Company sued Sidney Bernstein in the court of a justice of the peace. On September 13, 1960, judgment by default was entered against Burgess. On September 28, 1960, the justice of the peace allowed an appeal to the Superior Court, but, according to the transcript of proceedings, did not require security. In the Superior Court Bernstein moved to dismiss the appeal on the ground that the appeal had not been perfected as required by statute. The court refused the motion, and Bernstein appeals to this Court.

The applicable statutory provisions are found in 10 *Del. C.* §§ 9577-9579. They read:

"§ 9577. *Right to appeal*

"(a) A party against whom a judgment is given by a justice of the peace may appeal to the Superior Court if the judgment is given—

"(1) Without a referee trial, and the amount exceeds $5, exclusive of costs; or

"(2) Upon the report of referees, and the amount exceeds $15, exclusive of costs.

"(b) A plaintiff or defendant, as the case may be, may appeal to the Superior Court on a judgment given by a justice of the peace if the judgment is given—

"(1) Without a referee trial, and any part of the plaintiff's demand, or the defendant's counterclaim or set-off, exceeding $5 is disallowed or defalked; or

"(2) Upon the report of referees, and any part of the plaintiff's demand, or the defendant's counterclaim or set-off, exceeding $15 is disallowed or defalked.

"§ 9578. *Time for appeals; security*

"(a) An appeal shall be allowed by the Justice at any time within 15 days from the day of giving the judgment and not after, counting that day as one, upon the party entitled to the appeal or his agent or attorney praying it.

"(b) The party appealing shall offer security in such sum as the justice deems sufficient to cover the judgment appealed from and the costs on the appeal.

"(c) An appeal shall be allowed to executors or administrators without security.

"§ 9579. *Entry of security on appeal*

"(a) The justice of the peace who allows an appeal shall make an entry of the security offered on appeal as follows:

" 'On the ...... day of ......, A.D. ......, the said A.B. appeals and C.D. becomes surety in the sum of ...... Dollars, that the said appeal shall be prosecuted with effect and also that any judgment which shall be rendered against the said A.B. or his executors or administrators upon the said appeal shall be satisfied, and the said C.D. hereby authorizes and empowers the Superior Court of the State of Delaware in and for ...... County to give judgment against me, the said C.D., or my executors or administrators, as surety, for the same amount as shall be given against the said A.B., or his executors or administrators, and such judgment, if and when entered, shall be a lien upon my real estate, and may be collected and treated as any other judgment in said Superior Court.'

"(b) The entry of security shall be signed by the sureties or it shall be void."

It is admitted that Burgess gave no security.

Are these provisions intended to apply to an appeal by a losing plaintiff, against whom no judgment (except for costs) has ever been rendered?

The statute is unfortunately not wholly clear. The phrase in § 9578(b)—"The party appealing"—appears on its face to include all the appellants enumerated in § 9577. On the other hand, the remaining language of § 9578(b)—"security in such sum as the justice deems sufficient to cover the judgment appealed from"—seems clearly to refer to a judgment for a debt found to be due by the appellant. The same construction is indicated by the discretion lodged in the justice to determine the amount of the bond. If it be said that the statute contemplates a bond for costs only, one may ask: Why the provision for a surety bond to secure the payment of the trifling costs before a justice of the peace?

When we consider the underlying purpose of the statutes, the ambiguity disappears. They are obviously designed to

afford protection to the successful litigant—to ensure the recovery of his debt. But a successful defendant has no recovery to protect. Nor is he interested in recovering costs, since the costs incident to a judgment before a justice of the peace are the justice's and constable's fees, payable to them. See 10 *Del. C.* c. 97. The successful defendant has, therefore, no need for security, and no standing to insist that it be given.

The above discussion is predicated on the factual situation presented by this case. We are not concerned with a defendant who has recovered on a counterclaim.

For the reasons above stated the order of the Superior Court of February 27, 1961, is affirmed.

In remanding the cause, we note that the question whether the appeal to the Superior Court was filed in time has not been raised. Since the decision on that question affects the Superior Court's jurisdiction, that court may wish to consider it. See *Williams v. Singleton, Del.*, 160 A. 2d 376.