C & G CONSTRUCTION COMPANY,
Appellant,

v.

William H. WRIGHT and Margaret
W. Wright, Appellees.

Superior Court of Delaware,
New Castle.

Submitted Oct. 10, 1975.

Decided March 18, 1976.

James F. Harker, Wilmington, for appellant.

Bertram S. Halberstadt, Wilmington, for appellees.

LONGOBARDI, Judge.

This is a motion by Appellees to dismiss an appeal from the Court of Common Pleas for failure of the Appellant to comply with *Rule 72(b)* and *(c)* of the *Court of Common Pleas*.

Appellant is the Plaintiff below in a civil action to recover $1,100.00, the balance alleged to be due on a contract with Appellee for the construction of a driveway and garage. Appellees as Defendants below counterclaimed for $7,925.91 as a remedy for breach of contract due to unworkmanlike construction. The Court denied Appellant's claim and entered judgment on the counterclaim in the amount of $3,810.00 on January 23, 1975.

On July 8, 1975 Appellant filed a Notice of Appeal in the Court of Common Pleas and this Court. He paid to the Clerk of the Court of Common Pleas the costs of the lower court proceedings. Appellees on July 14, 1975 moved to dismiss the motion arguing that *Rule 72(b)* and *(c)* require the filing of a surety bond equal to twice the amount of judgment against the losing party. *Rule 72* of the *Court of Common Pleas* is set out in full.

*"RULE 72. APPEALS*

"(a) *Application of Rule.* This Rule shall apply to all appeals to the Superior Court from decisions of the Court of Common Pleas.

"(b) *When an Appeal is Permitted by Law.* When an appeal is permitted by law, a party may appeal by filing a notice of appeal together with the necessary surety with the Clerk of the Court within 15 days from the date of entry of the judgment.

"(c) *Surety.* When the appeal is filed on behalf of the defendant, surety shall be posted in an amount equal to twice the amount of the judgment and costs. When the appeal is filed by the plaintiff, he shall post surety in the amount of $100 or, at his option, pay the costs without prejudice."

Appellees argue that because the judgment being appealed is granted on a counterclaim, the use of the words "Defendant" and "Plaintiff" must be interchanged thus requiring the Appellant, *Plaintiff* below, to post a bond equal to twice the judgment and costs.

The Appellant's position is very simply that a plaintiff is a plaintiff and a defendant is a defendant. The Appellant argues the statute is clear and unambiguous. Appellees, however, in support of their motion, cite a number of cases in situations involving counterclaims which are logically persuasive reasons for treating a denominated plaintiff as a defendant and vice versa. Perhaps the best language is from *O'Neill v. Crowley,* D.C.W.D.S.Carolina, 24 F.Supp. 705, 706 (1938):

"The position of the parties in the instant case with respect to the counterclaim is clearly defined by decisions of the Supreme Court of South Carolina. In *Kentucky Refining Company v. Saluda Oil Mill Company,* 70 S.C. 89, 48 S.E. 987, the Supreme Court of this state, in discussing the effect of counterclaims and the position of the parties with respect thereto, says [48 S.E. page 988]: 'Our construction of the defenses (as they are denominated in the answer) is that the defendant attempted to set up counterclaims arising out of a breach of contract,

for it will be observed that it seeks affirmative relief. *Co-operative Pub. Co. v. Walker,* 61 S.C. 315, 39 S.E. 525. When an answer sets up a counterclaim, the defendant makes himself, in respect to such demand, a plaintiff in fact, though not in name, and the sufficiency of the facts to constitute a counterclaim is to be determined in the same manner as when a demurrer is interposed to a complaint on the ground that it does not state facts sufficient to constitute a cause of action.'

"And in *Inman & Co. v. Hodges,* 80 S.C. 455, 61 S.E. 958, the same court said [page 959]: 'But the very general rule now is that the defendant who has filed a cross-bill or counterclaim setting up affirmative relief is deemed a plaintiff therein. * * * A counterclaim is in the nature, and has all the characteristics, of a separate and independent action.' Citing *Kentucky Refining Company v. Saluda Oil Mill Co.,* supra.

"[2, 3] It is perfectly clear therefore that under the decisions of the Supreme Court of South Carolina, binding upon this court on such a question, a defendant who files a counterclaim is really a plaintiff with respect to such counterclaim, asserting a separate and independent action, even though he continues to be denominated in the title of the pleadings as defendant."

This Court is certainly not controlled by such case law. However, the logic is substantial. In the area of appeal bonds, the purpose is to protect the judgment of the prevailing party. *Trala v. Melmar Industries, Inc.,* Del.Super., 254 A.2d 249 (1969). The language of the appeal statute from the Justice of the Peace Courts to Superior Court is indicative of such intent.

"10 Del.C. 9571. *Time for appeals; security.*

"(b) The party appealing shall offer security in such sum as the justice deems sufficient to cover the judgment appealed from and the costs on the appeal.

"(d) When the plaintiff is the appellant and no counterclaim is involved, such plaintiff need offer no security to cover the judgment appealed from or the costs; provided, that the costs of the proceedings before the justice are paid before the appeal is taken and the advance deposit for costs provided in the Superior Court Rules is made."

The absence of language referring to "party appealing" or "no counterclaim involved" in the Common Pleas Rules is not to be viewed as a conscious desire to avoid the protection of a bond for the prevailing "defendant" on a counterclaim. The better view is that the specific language in *Rule 72* is a mere oversight. The principle of *in pari materia* is supportive of the position that because both statutes relate to appeal bonds and since there is no clear rationale to distinguish between them, the statutes should be read consistently. See *Paley v. State,* Del.Super., 5 Terry 64, 55 A.2d 279 (1947) and 82 *C.J.S.* Statutes 366.

*Bernstein v. Burgess Battery Company,* Del.Supr., 3 Storey 469, 171 A.2d 914, 916 (1961) further supports a reasonable rather than a strict interpretation of *Rule 72.* In *Bernstein* (supra), the Plaintiff lost his action against the Defendant but no judgment was awarded the Defendant. The Court in interpreting 10 Del.C. 9578(b) (now 9571(b) ), held that no security need be posted for a losing plaintiff.

"When we consider the underlying purpose of the statutes, the ambiguity disappears. They are obviously designed to afford protection to the successful litigant—to ensue the recovery of his debt. But a successful defendant has no recovery to protect. Nor is he interested in recovering costs, since the costs incident to a judgment before a justice of the peace are the justice's and constable's fees, payable to them. See 10 Del.C. c. 97. The successful defendant has, there-

**898**

fore, no need for security, and no standing to insist that it be given.

"The above discussion is predicated on the factual situation presented by this case. We are not concerned with a defendant who has recovered on a counterclaim." *Bernstein* (supra) 171 A.2d at 916.

The last sentence is particularly significant in our case since it suggests the logical rule that where a defendant has recovered on a counterclaim, the losing plaintiff should be required to post bond. Again, it must be pointed out that no distinction can be made rationally between the Justice of the Peace appeals to the Superior Court and the Common Pleas appeals to the Superior Court.

Perhaps the most persuasive argument in favor of denominating the parties in reverse on a counterclaim is to avoid a race to the courthouse by two parties where each has a claim against the other. Placing significance to the denomination "plaintiff" and "defendant" in this action only reflects on who filed first. To allow a losing party to avoid posting security to cover the other's judgment merely because he won the race is neither rational nor just. Compare *State ex rel Caulk v. Nichols,* Del. Supr., 281 A.2d 24, 26 (1971).

I hold today that the *Court of Common Pleas Rule 72* requires a bond to be posted equal to twice the amount of the judgment whenever the losing party appeals regardless of whether he is the defendant in an original claim or a losing plaintiff on the counterclaim. I am reluctant, however, to impose retroactivity to such a ruling upon the Appellant here who relied justifiably on the ill-drafted statute. The error lies with the draftors not the Appellant. On the other hand, to allow the Appellant to forego the bond would work a detriment upon the victorious Defendant herein who would lose the security to which he is justly en-

titled. Compare *Burke v. Silcox,* Del. Super., 6 Penn., 102, 64 A. 73 (1906) and *Ademski v. Ruth,* Del.Supr., 229 A.2d 837 (1967).

There is fortunately no jurisdictional problem here as there was in *Ademski* (supra) or *Kimm v. Vilone,* 397 Civil Action 1973, unreported decision of Judge Walsh. Therefore, under Rule 6(b)[1] of the Superior Court Rules, I hereby grant to the Appellant C & G Construction Co. fifteen (15) days from the date of this order to file an appeal along with a bond equal to twice the judgment and costs against him.

IT IS SO ORDERED.

1. See *Madanat v. Steve Fortunato, Inc.,* 1077 Civil Action 1974, unreported decision of this

Court, for a similar result in an action to dismiss an appeal.