DENNIS *v.* TOWN OF WALNUT GROVE.

(Division B. June 2, 1930.)

[128 So. 557. No. 28780.]

**W. T. Weir,** of Walnut Grove, for appellant.

**Tom J. Barnett,** of Carthage, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant was convicted in the municipal court of the town of Walnut Grove of the crime of drunkenness in

a public place in said town, in the presence of two or more persons, and fined twenty-five dollars. He appealed to the circuit court, where there was a trial de novo and a conviction, and a sentence by the court to pay a fine of twenty-five dollars. From that judgment appellant prosecutes this appeal.

On the trial in the circuit court the town introduced what purported to be a certified copy of the ordinance for the violation of which appellant was convicted. The ordinance was duly certified, except that it was without the seal of the town. Upon that ground, as well as others, appellant objected to its introduction as evidence, which objection the court overruled.

Section 3391, Code 1906, section 6934, Hemingway's Code 1927, provides that municipalities "shall adopt and provide a seal," and that the clerk of the municipality shall be the custodian of the seal. Section 3409, Code 1906, section 6955, Hemingway's Code 1927, provides that, whenever in any judicial proceeding it shall be necessary to prove the existence of any municipal ordinance, a copy of such ordinance, certified to by the clerk of the municipality, or the ordinance book in which the ordinance is entered, may be introduced in evidence, and shall be prima-facie evidence of the existence of such ordinance, and that same was adopted and published in the manner provided by law.

It will be observed that the latter statute is silent as to whether there shall be attached to the certified copy of the ordinance the municipal seal. The two statutes must be construed together. Where a seal of office is required by law, the authentication of documents from such office must be under seal. 22 C. J., section 977, p. 837; Central of Georgia R. R. Co. v. Bond, 111 Ga. 13, 36 S. E. 299. The supreme court of Georgia held in that case that a certified copy of the ordinance of a town was not admissible in evidence, unless the seal of the town was attached thereto.

The copy of the ordinance was required to be verified, not only by the certificate of the clerk of the town, but, in addition, by the seal of the town.

Appellant contends, although no such contention was made in the trial court, that the affidavit under which he was convicted charged no offense under the law. The affidavit, leaving off the caption and signature of the affiant, and the jurat, was in this language:

"Before me, J. B. Johnson, Mayor of Walnut Grove, of District 5 of said County, J. W. Phillipps, Marshall, makes oath that E. L. Dennis did on or about the 4th day of August, 1928, in said town and district No. 5, was unlawfully and wilfully drunk in a public place, to-wit: In the public streets in the town of Walnut Grove in the presence of two or more persons, contrary to ordinances of said town, contrary to the statute made and provided in such cases and against the peace and dignity of the State of Mississippi."

The language in the affidavit above quoted, "contrary to the statute made and provided in such cases," was surplusage, and did not render the affidavit void. And that is true, also, of the concluding clause of the affidavit, in this language, "and against the peace and dignity of the State of Mississippi." Those were amendable defects, and did not render the affidavit void.

Appellant's other grounds urged for the reversal of the judgment are without merit, and are not sufficiently serious to require a discussion by the court.

Reversed and remanded.