MURPHY *v.* STATE.

(Division B.   Dec. 5, 1932.)

[144 So. 699.  No. 30144.]

**O. H. Barnett, Jr.,** of Carthage, for appellant.

**Herbert Nunnery**, Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was charged by an affidavit, made before the mayor and ex-officio a justice of the peace of and within the town of Carthage, with the unlawful possession of intoxicating liquor "contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Mississippi." A warrant for the arrest of appellant was issued by the mayor as ex-officio justice of the peace; the warrant being addressed "to any lawful officer of Leake County." Appellant was arrested and was tried before the ex-officio justice of the peace and a jury, was convicted, and was sentenced; from which judgment he appealed to the circuit court, and on a trial de novo therein was again convicted.

Several points have been made by appellant, and, because error was confessed by the Attorney-General in his brief, we assume that it is our duty to discuss the more important of these points, at least briefly; but we reach them in our order rather than in the order of the assignment of errors.

First. It is contended that no valid judgment was entered by the ex-officio justice of the peace. This point is based on the fact that the mayor kept no separate docket as ex-officio justice of the peace, but used only one docket for the cases heard by him as mayor and those heard as an ex-officio justice of the peace. Appellant insists that, because section 2535, Code 1930, requires a police justice to keep a separate docket as justice of the peace, then the entry by an ex-officio justice of the peace of a judgment of conviction on any other docket than a separate docket is a nullity, and that the case stands as if no trial had ever been had in the court of the ex-officio justice of the peace. Whether the last line of said section 2535, Code 1930, which requires a police justice, in a municipality of more than seven thou-

sand inhabitants, to keep a separate docket as justice of the peace applies to small towns and villages, where but little ex-officio justice of the peace business is done by the mayor, we do not here decide; but we do say that the requirement, even if it applies to small towns, is not jurisdictional, and the entry of a proper judgment in a state case on the mayor's docket, so long as it clearly shows that it is a state case rather than a municipal prosecution, is valid in so far as the matter of dockets is concerned.

Second. Appellant contends that the entire transcript from the court of the ex-officio justice of the peace as certified to the circuit court is without any legal validity, and gave no jurisdiction to the circuit court, because the several papers certified and the final certificate did not bear the seal of the court of the ex-officio justice of the peace; and appellant cites Dennis v. Town of Walnut Grove, 157 Miss. 797, 128 So. 557, in support of his contention. The case is not in point. We take judicial knowledge of the fact that justices of the peace are not required to have seals or to authenticate their acts under seal; and, such being the rule, it applies to ex-officio justices of the peace.

Third. Appellant contends that the prosecution was allowed in the circuit court to vary the certified transcript by parol, contrary to the holding of this court in Washington v. State, 93 Miss. 275, 46 So. 539. We have examined the transcript as certified to the circuit court by the ex-officio justice of the peace, and find that in every successive step, from the affidavit through to the judgment and on to the appeal bond, every such step and every paper and docket entry shows clearly that the prosecution was in the name and in behalf of the state, for the violation of a state statute and not on account of a municipal ordinance; the only exception being that on the docket the case was styled "Town of Carthage v. Gustave Murphy." The mayor was introduced, and was permitted to testify that this docket caption should have been the State v. Gustave Murphy, and thus

it is that appellant argues that oral evidence was permitted to vary the transcript. The caption in this case may be entirely disregarded, and, when so done, there appears in the transcript following said caption every essential recital, including the name of the defendant, to the effect, as we have already said, that the prosecution and all and every part of the proceedings in that behalf were in fact for the state and not for the town. The case, Washington v. State, 93 Miss. 275, 46 So. 539, relied on by appellant, is therefore of no application to the facts of the record now before us. The testimony of the mayor on the subject of the docket caption may be stricken from this record, and the transcript would stand nevertheless as good and valid. It did not need the aid of the testimony of the mayor, and hence that testimony was harmless.

There are four other errors assigned, as, for instance, that the evidence is insufficient and others of similar character. We have examined them, and find that they are not well founded.

Affirmed.