## Ennis v. Adkins, Sheriff, et al.

(Decided June 10, 1938.)

O. B. BERTRAM for appellant.

NOGGLE & GRAHAM, MILBY & HENDERSON, VERNON SHUFFETT and C. O. MILBY for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment of the Green circuit court, declaring valid an election held in Green county to determine whether or not spirituous, vinous

or malt liquors should be sold, bartered or loaned in Green county, which election was held on June 12, 1937, and resulted in the adoption of the Local Option Law (Chapter 1, Acts of the 1936 Regular Session of the General Assembly of Kentucky, now sections 2554c-1 to 42, Baldwin's 1936 Revision of Carroll's Kentucky Statutes) in said county by a vote of some three to one.

It is disclosed by the record that on April 12, 1937, the county judge of Green county, an application having been regularly made by petition in due form and signed by a legally sufficient number of legal voters of the county for an order calling a local option election for the county, ordered a local option election to be held in the county on June 12, 1937, to take the sense of the voters upon the question of whether or not they were in favor of adopting the Local Option Law in Green county.

Pursuant to this order of the court, duly made and signed by the county judge, calling the election, the clerk of the court delivered, in the way and manner required, to the sheriff of the county a copy, attested by him, of this order of the county court calling the election, the same to be duly published by him as required by law.

It is further shown by the sheriff's published notice of the court's order calling the election and notice of the election to be held in the precincts of the county on June 12, that:

"Pursuant to, and by virtue of the above order of the Green county court, *a certified copy of same* having been received by me from O. A. Coffey, C. G. C. C., April 12, 1937, the legal voters of this county will take notice that the voting precincts of this county will be open on said date, 12th day of June, 1937, at which time said election will be held under the laws governing general elections in this state.

"Given under my hand as sheriff of Green county, this May 25th, 1937.

"T. G. Adkins,
"Sheriff of Green county, Kentucky."
(Italics ours.)

Further it appears that, looking to the perform-

ance of his official duty of publishing the county judge's order conformably with the requirements of the statute (Section 2554c-5), making it the duty of the county court clerk to give the sheriff of the county a certified copy of the county court's order calling the election and the duty of the sheriff to have same published in some weekly or daily newspaper in the county for at least two weeks before the election, and also to advertise same by written or printed handbills, posted at not less than five conspicuous places in each precinct of the county for the same length of time, etc., the sheriff did, by his deputy, take the clerk's attested or certified copy of said order to the office of the Record Herald, the weekly newspaper published in Green county, with the instructions to publish same, giving notice of the called election on June 12, 1937, in the three weekly issues of the newspaper next before June 12, 1937, the date for which the election was called. Further, it appears, and which is undisputed, that while such order was given by the sheriff to the editor of the newspaper for its publishing of such notice of the called election, the editor did nonetheless fail to publish same in the three weekly issues of the paper next before the election, as ordered and directed by the sheriff, but published same in only two of its preceding issues, appearing on June 3 and June 10 respectively, or in other words, failed to publish the notice of the election for two weeks or fourteen days next before the election, as by the statute required and called for under our construction of this provision of it.

A further provision of the above cited section of the statute (2554c-5) is that:

"In case there is no daily or weekly newspaper published in the county, or the proprietor of such newspaper refuses to publish said advertisement, the printed or written handbills posted as herein provided for shall be sufficient."

It is admitted that the publication made in the newspaper of the notice of the called election in only the two issues of its paper, as stated, on June 3 and 10, failed to meet the requirement of the statute calling for the advertisement of such notice in the newspaper for a period of fourteen days next before the election and appellant contends that such failure rendered the holding of the election illegal, in that the statutory provi-

sion was mandatory. On the other hand, appellee (contestee) holds that such effect of the non-compliance with the statutory requirement as to publication was avoided, within the express terms of the statute as quoted supra, because same was not caused by the neglect or failure of the sheriff to comply with the provision of the statute as to his duty in regard to making legal advertisement of it, but by the failure of the editor of the newspaper to publish the same in the way ordered by the sheriff, in the three of its weekly publications next before the holding of the election, which if done would have fully satisfied the requirement of the statute.

Further criticism is made that the advertising of the election was further irregular, in that the copy of the order of the county court calling the election, which was delivered by the clerk of the court to the sheriff for publication, was not a copy of the same, duly certified by him, for the reason that the copy of the order of the Green county court, directing the holding of the local option election, delivered by him to the sheriff for publication had on the bottom thereof the signature of the judge with only the following inscription thereon as a certification of it: "Copy attest: O. A. Coffey, Clerk, Green county court."

The call of the election is also criticised as failing to properly submit to the voters the question to be voted on, as there was submitted by the ballot used in said election only the question, "Are you in favor of adopting the Local Option Law in Green County?"

On July 6, 1937, contestant filed his petition in equity in the office of the clerk of the Green circuit court, contesting said election, when the court, upon submission of the cause for trial and judgment on the pleadings, exhibits and proof and argument of counsel, adjudged that the contestant's petition should be dismissed and that contestees should recover of contestant their costs expended.

This appeal is prosecuted from that judgment, insisting upon its reversal upon the following grounds:

1. Because the election was not advertised in a newspaper for fourteen days next preceding June 12, 1937.

2. Because the question submitted was not submitted as required by law.

3. Because the clerk of the county court did not furnish or deliver to the sheriff of the said county within five days after the entering of said order, or at any other time, a certified copy of the county court order directing said election to be held.

Turning now our attention to the disposition of the first of these contentions, that the election was not advertised for fourteen days next preceding the election: Clearly such contention is not to be sustained or to be taken seriously, where it is admitted that the sheriff, as stated above, ordered the publication of the court's order calling the election in the three issues of the paper next before the holding of the election, which provided for the publication of it for more than fourteen days next preceding the election, and fully satisfying and complying with the requirements of the statute. Also, the failure of the editor of the paper to comply with the order given him to make publication for such period of the court's order is not to be treated as affecting the validity of the publication but rather do we consider it as a refusal of the newspaper to publish the advertisement for the required period, in which case the printed handbills posted, as were here admitted to have been posted, constituted a legal publication of the court's order calling the election.

This question was fully and conclusively settled in the recent case of Hicks et al. v. Conn, et al., 270 Ky. 344, 109 S. W. (2d) 811, where it was held that the word "refusal," as used in statute, was synonymous with the word "failure," and that therefore the failure, as here admitted, of the editor of the newspaper to publish the notice as required constituted a legal avoidance of the criticism of irregularity or non-compliance by the sheriff with the requirement of the statute.

As to the second of said objections, that the clerk delivered not a certified but only an attested copy of the court's order to the sheriff and that same failed to meet the requirement of the statute, we regard it as altogether frivolous. The copy of the court's duly signed order calling the election was delivered by the clerk to the sheriff for publication within the time required, marked "copy attest" and was so signed by the clerk.

The word "attest" is defined by Webster as meaning "to certify; to affirm to be true or genuine; to witness and authenticate by signing as a witness; to authenticate officially."

Clearly such certification of the signed order of the county judge, as being a "copy attest" thereof, fully satisfied and met the requirement of the statute that the clerk should deliver a "certified copy" of the order to the sheriff, and, in view of such being, as stated above, the authoritative meaning and definition of the word "attest," it follows that the term "a copy attest" must be held to satisfy and mean the same as the synonymous term, "a certified copy", required by the statute.

As to the last or third of appellant's contentions, that the question submitted to the voters of the county was not submitted as required by law, this complaint too is of no substance, in that it is provided by section 2554c-6 of the Local Option Law that:

"Whenever at the time of the election intoxicating liquor is being legally sold in the territory the form of the proposition may be thus stated: Are you in favor of adopting the local option law in name of county, city, town, district or precinct."

It is admitted that at the time of the calling and later holding of the election intoxicating liquor was being sold in Green county and that the ballot, submitting to the legal voters of the county the proposition as to whether or not they were in favor of adopting the Local Option Law in Green county, fully complied with and satisfied the express direction of the statute as to the form of the ballot.

We are therefore clearly of the opinion that the contentions made by appellant are without merit and for such reason it follows that the judgment of the learned chancellor here appealed from is affirmed, with the direction that a mandate issue immediately, without prejudice to contestant's right to file a petition for a rehearing.

Costs to be paid by appellant.