BLANCHE TINLEY, d. b. a., *v.* GEORGE LLOYD FREDERICK, p. b. r.

*(January 4, 1940.)*

RICHARDS and SPEAKMAN, J. J., sitting.

*David S. Keil* for defendant below, appellant.

*Joseph H. Flanzer* for plaintiff below, respondent.

Superior Court for New Castle County, No. 221, September Term, 1939.

SPEAKMAN, J., delivering the opinion of the Court:

The only objection raised in the Court by the plaintiff below to the regularity of the appeal is that the execution of the appeal bond by the surety was an act not within its express or implied powers, and therefore it was an *ultra vires* act and as a consequence is of no effect.

A duly certified transcript of all the docket entries in the case below was filed in this Court within the statutory time. The transcript filed by an appellant gives to this Court cognizance of the case, and is intended to show that the case comes within the original jurisdiction of the

Court below, and within the appellate jurisdiction of this Court. *Woolley on Del. Prac., Sec.* 1430.

An inspection of the transcript filed in this case discloses that the bond is in the exact terms of the form required by the statute, but it is contended by the plaintiff below that we should permit him to show by testimony that the undertaking by the surety was *ultra vires* and void. He claims that it is necessary that there should be a valid appeal bond to give jurisdiction to this Court in appeals from Justices of the Peace.

The statute authorizing an appeal (*Sec.* 4522 of the *Revised Code* of 1935) provides:

"Such appeal shall be allowed by the Justice * * * upon the party entitled to the appeal, or his agent or attorney praying it and offering sufficient security in such sum as the Justice shall deem sufficient to cover the judgment appealed from and the costs on the appeal."

Under this statute what constitutes "sufficient security" is a matter for judicial determination by the Justice. The statute is satisfied if in his opinion the security is "sufficient." *Wood v. Estes,* 33 *Me.* 578; *Moore v. Olen,* 6 *Mich.* 328; *Anderson v. Anderson,* 2 *Call* (*Va.*) 198; *Whetton v. Clayton,* 111 *Ind.* 360, 12 *N. E.* 513.

We, of course, do not mean to say that if a Justice of the Peace acts arbitrarily or otherwise improperly in approving an appeal bond his action cannot be reviewed by this Court. By *Sec.* 4275 of the said *Revised Code* it is provided that

"The said Judges [of the Superior Court], or any two of them, shall have full power and authority to examine, correct and punish the contempts, omissions, neglects, favors, corruptions and defaults of all justices of the peace * * *."

The provisions of this statute are always available to an injured or aggrieved party in any proper case.

Provisions relating to appeals from judgments

entered by Justices of the Peace are statutory. No statute has been called to our attention which would authorize the desired action.

The motion to dismiss the appeal will be denied.