**STATE, ex rel., DRUCKER, Plaintiff, v REICHLE, Defendant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21071.   Decided   May   3, 1948.

J. J. Yelson, Wyner & Wyner, Cleveland, for plaintiff.
Lee C. Howley, Charles W. White, Cleveland, for defendant.

## OPINION

By SKEEL, J.

This is an original action in mandamus brought in this Court.

The facts are not in dispute and are presented by the relator's petition and the answer and supplemental answer of the respondent and are in substance as follows:

The relator, a Judge of the Municipal Court, presented to the Clerk of the Court, the respondent herein, a journal setting forth a judgment of the court to which he had affixed thereto a facsimile signature produced by a rubber stamp. The stamp which was used was one of four stamps which the court had made for the relator and were transmitted to him by the Chief Justice of the Court by letter as follows:

"Hon. Lewis Drucker
Court Room 3, City Hall
Cleveland 14, Ohio
"Dear Judge:

Herewith please find four rubber stamps bearing a facsimile of your signature, which were ordered on your request.

It is my suggestion that you do not use these rubber stamps as your signature on journal entries of the court, for the reason that before its permissible or impermissible use could be determned by a higher court many judgments rendered by you might be held void or voidable because of its use. Should you insist on using the rubber stamp signature on journal entries I further suggest that it be used in one case to be presented to a higher court as a test case for determination of its permissible use.

Sincerely yours,
/s/   John J. Rusher
Chief Justice"

Upon the journal entry being presented to the Clerk to be put upon the journal of the court, the clerk, respondent herein, refused to accept and journalize the same for the sole reason that it was not approved in writing by the relator as required by §11599 GC and Rule 29 of the Municipal Court of Cleveland.

Sec. 11599 GC provides as follows:

"When a trial by jury has been had and a verdict rendered, unless a motion for judgment notwithstanding the verdict shall have been filed, or the court orders the case reserved for future argument or consideration, a journal entry of

judgment in conformity to the verdict shall be approved by the court in writing and filed with the clerk for journalization."

Rule 29 of the Municipal Court of Cleveland provides:

"In every civil action filed on or after October 11, 1945, the judge rendering a final order, judgment or decree shall prepare, approve in writing, and cause to be filed with the clerk a journal entry embodying said final order, judgment or decree, except that when an extended journal entry is required, the court may order it to be furnished by counsel."

This being an action in Mandamus, the relator must show a clear duty upon the respondent before a decree will be entered in his favor. This the relator has failed to do.

A court speaks from its journal. Sec. 11599 GC, supra, was amended effective September 27, 1947, changing the procedure so as to require the court to approve the journal entries of judgments in writing before such journal entry may be filed with the clerk for journalization. The clerk must therefore, make certain that the journal entry was in fact approved "in writing" by the judge and he should not be subjected to chance for error that might result from the unauthorized use of a rubber stamp. While it is true that generally one may adopt as his signature any printed or stamped facsimile copy of his signature and by his conduct be bound thereby, the circumstances here presented are clearly distinguishable from the cases upholding such doctrine. The need for absolute certainty insofar as that is obtainable in preventing error in court records of judgments requires that the statute and the rule of court should be literally complied with.

Writ denied. Exceptions. Order See Journal.

HURD, PJ, MORGAN, J, concur.