**OERTEL et al. v. LOUISVILLE AND JEF-FERSON COUNTY PLANNING AND ZONING COMMISSION et al.**

Court of Appeals of Kentucky.

May 9, 1952.

Rehearing Denied Oct. 17, 1952.

Lawrence S. Grauman, Grover G. Sales, Louisville, for appellants.

Albert F. Reutlinger, Lawrence G. Duncan, and J. W. Jones, all of Louisville, for appellees.

COMBS, Justice.

The appellees, Baylor O. Hickman and Helen H. Rodes, applied to the Louisville and Jefferson County Planning and Zoning Commission to have the classification of their property changed from "A-1 Residential" to "D-1 Commercial." The Commission, by resolution of February 2, 1950, reclassified the property as requested and the interested parties were so notified as directed by KRS 100.056(3). The appellants, who had protested the proposed change before the Commission, filed in the office of the Jefferson Circuit Court on March 2, 1950, a statement of appeal. In the statement of appeal the resolution of the Commission was set forth in haec verba. The appeal was dismissed on motion of appellees because a certified copy of the resolution was not filed as required by KRS 100.057. From that order the appellants prosecute this appeal.

The applicable part of the statute reads:

" * * * Such appeals shall be taken within thirty days after notice of such action or decision has been given, as herein provided, by filing in the office of the clerk of the circuit court of such county a statement of appeal, setting forth the action or decision of the commission appealed from, the date thereof, the reasons for said appeal, and attaching thereto as a part thereof a certified copy of such action or decision, * * *."

It is shown by affidavits filed by appellants that they requested a certified copy of the action of the Commission within the 30-day period, and were informed this would not be available until the proceedings of February 2 were approved by the Commission. The proceedings of February 2 were approved by the Commission on the afternoon of March 2, 1950, the same day appellants filed their appeal in the Jefferson Circuit Court. According to our calculations, the 30-day period within which appellants had the right of appeal expired on March 4. They make some contention that the failure to file certified copy of the resolution is excusable by reason of the Commission's delay in formally approving its proceedings. We find no merit in the argument: first, because appellants had sufficient time after the proceedings were approved to perfect their appeal; and second, no affirmative action was taken by appellants to have the proceedings approved at an earlier date. Even if it should be conceded that appellants had 30 days from the date the Commission's proceedings were formally approved, a certified copy of the resolution was not filed within that time. Consequently, the only question before us is whether the failure to file a certified copy of the resolution is fatal to the appeal.

We have found no Kentucky case directly in point, although it was held in Hennessy v. Bischoff, Ky., 240 S.W.2d 71, that the provision of KRS 100.057 as to the time in which the appeal must be filed is mandatory and not directory. Several cases from other jurisdictions are cited by appellees.

In the case of Kravitz v. Director of Division of Employment Security, 326 Mass. 419, 95 N.E.2d 165, 166, the petitioner filed an appeal from the administrative board of the Division of Employment Security. The applicable statute required the petitioner to file as many copies of the notice and petition as there were parties respondent. Two respondents, the director and the employer, were named in the petition. Only one copy of the notice and petition was filed. In holding that the failure to file two copies as required by the statute deprived the reviewing court of jurisdiction of the appeal, it was said:

"The right of judicial review of decisions of the board is defined and regulated by section 42. Apart from this statute there is no right to such a review. Touching the matter here involved the statute is free from am-

biguity. Compliance with its terms was a condition precedent to the right of review.. The requirement that upon the filing of the petition and service on the director there shall at the same time be delivered to the director 'as many copies of the notice and petition as there are parties respondent' is not a provision that can be treated as merely directory. The language of the statute is mandatory and admits of no exceptions. It is an essential part of the statutory scheme set up for the judicial review of decisions of the board."

To the same general effect are: National Vulcanized Fibre Co. v. Unemployment Compensation Commission of Delaware (Dela.), 82 A.2d 725; May v. Accident & Casualty Ins. Co., 275 App.Div. 1007, 91 N.Y.S.2d 769; Zier v. Bureau of Unemployment Compensation, 151 Ohio St. 123, 84 N.E.2d 746.

 It must be remembered that the right of appeal is not inherent and, except in those isolated instances where it is guaranteed by a constitutional provision, the Legislature may grant or withhold the right at its discretion and may grant the right subject to such reasonable terms and conditions as it sees fit. Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S.W.2d 407. There is no ambiguity in the statute. It provides that an appeal shall be taken by filing "a statement of appeal * * and attaching thereto as a part thereof a certified copy of such action or decision". In other words, the filing of a certified copy of the Commission's decision is as much a part of the mechanics of perfecting the appeal as is the filing of a statement of appeal. In fact, the statute requires that the certified copy of the Board's decision be attached to the statement of appeal *as a part thereof*. In the absence of compliance with this mandatory requirement of the statute, the circuit court did not acquire jurisdiction of the appeal.

 Appellants cite numerous cases which, by analogy, seem at first blush to support their contention. They are distinguishable, however, on the broad proposition that they do not deal with appeals from decisions of administrative bodies. Furthermore, the decision in this case, in the final analysis, turns on the interpretation of the words of this particular statute. We are of the opinion that under its terms the failure to file a certified copy of the Commission's decision was fatal to the appeal. Although it appears that such copy was filed after the question was raised, it was not filed within the 30-day period given by the statute, and could have no retroactive effect.

The judgment is affirmed.