**BULLITT COUNTY, Kentucky, Appellant,**

v.

**J. M. STOUT et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

Thomas B. Givhan, J. Chester Porter, Shepherdsville, for appellant.

Athol Lee Taylor, Shepherdsville, for appellees.

CULLEN, Commissioner.

The county attorney of Bullitt County undertook to appeal to the circuit court from an order of the fiscal court of the county allowing a claim of the appellees herein for building a bridge. He filed in the circuit court a pleading (designated simply "Appeal") setting forth the grounds of alleged invalidity of the order, and attached to it a *photographically reproduced copy of a certified copy* of the order. The circuit court entered judgment dismissing the appeal on the ground that CR 72.01 is applicable to such an appeal; it requires the filing of a *certified copy* of the judgment of the court appealed from; and the filing in this instance of a photographic reproduction was not a compliance.

The county attorney has appealed to this court from the order of dismissal, contending, first, that CR 72.01 does not apply to appeals from fiscal courts, and,

**134**

second, even if it does, the filing of a photographic reproduction of a certified copy is a substantial compliance with the requirement of the filing of a certified copy.

█ Section 724 of the former Civil Code, which was the forerunner of CR 72.01, did not in terms apply to appeals from the fiscal court to the circuit court, but as early as 1905, in Jefferson County v. Young, 120 Ky. 456, 86 S.W. 985, and as late as 1939, in Leslie County v. Hensley, 276 Ky. 679, 125 S.W.2d 255, it was held that the section did apply to such appeals. It appears to us that the same reasons which impelled such holding dictate a similar holding as to CR 72.01. In fact, if the provisions of CR 72.01 to 72.07 were held not to apply to appeals from fiscal courts there simply would be no available form of procedure to effectuate the right of appeal from such courts that is granted by KRS 23.030(1). Accordingly, we hold that CR 72.01 is applicable to appeals from fiscal courts.

██ As concerns the question of the filing of a photographically reproduced copy of a certified copy, we see no reason in the instant case for acceptance of this as a substantial compliance. No reason is shown why the filing of a certified copy in its original form would have been even inconvenient, much less burdensome or impossible. As far as this record shows the filing of the photographic reproduction was by casual choice rather than by any necessity.

In Oertel v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 251 S.W.2d 275, this court held that the provision of an appeal statute requiring the filing of a certified copy of the decision appealed from was mandatory and jurisdictional. That ruling seems fully applicable to the facts of this case.

The judgment is affirmed.

All concur.