Goldie MIRACLE and Cecil Miracle,
Her Husband, Appellants,

v.

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

June 4, 1971.

Thomas J. Roberts, Middlesboro, for appellants.

Don Duff, Frankfort, Wendell V. Lyon, Jr., Dept. of Highways, Somerset, Ben J. Mann, Dept. of Economic Security, Frankfort, for appellee.

NEIKIRK, Judge.

The Commonwealth of Kentucky, Department of Highways, filed condemnation proceedings in the Bell County Court seeking to condemn land belonging to Goldie and Cecil Miracle. The Commonwealth of Kentucky, Division of Unemployment Insurance, was named as a party to the suit because it had asserted liens against the Miracle property. Commissioners appointed by the county court awarded the Miracles $2,350. The county court entered judgment confirming the award. Within thirty days after the order book was signed by the county judge, the Miracles attempted an appeal to the Bell Circuit Court. Their appeal was dismissed, however, on motion of the Commonwealth on the ground that they had failed to file a certified copy of the county court judgment. We affirm.

The method of perfecting an appeal in a condemnation case from the

county court to the circuit court is statutory. KRS 177.087(1) states in part:

"Within thirty days from the date of a judgment authorizing the petitioner to take possession of the land or material, an appeal may be taken to the circuit court by either or both parties by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner. * * *"

There is no ambiguity in this statute. In the absence of strict compliance with the mandatory requirements of the statute, the circuit court did not acquire jurisdiction. Oertel v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 251 S.W.2d 275; Jobe v. City of Erlanger, Ky., 383 S.W.2d 675; Bullitt County v. Stout, Ky., 422 S.W.2d 133. Of course, the issue can be raised only by a party who has properly preserved it. Duncan v. O'Nan, Ky., 451 S.W.2d 626.

Appellants contend that they filed in the Bell Circuit Court a "copy attest" of the judgment of the Bell County Court, and that this satisfied the statutory requirement of a "certified copy." Appellants rely on Ennis v. Adkins, 274 Ky. 121, 118 S.W.2d 175. We distinguish Ennis, where the delivery to the sheriff, for posting, of an attested copy of a county court order calling a local option election was held to satisfy the statutory requirement that the clerk should deliver a certified copy of the court's order to the sheriff. There, the sheriff's concern was only with *authenticity* of the order, which was satisfied by the attesting. In the case of an appeal to the circuit court from the county court, however, the circuit court is concerned with procedural validity of the judgment.

A certification of a county court judgment should set out the order book and page number. It also should show on its face that the official custodian of the records certifies that the judgment has been entered upon the order book and has been signed by the county judge. A "copy attest" of a county court judgment does not apprise the circuit court of those essential elements. As in Bullitt County v. Stout, Ky., 422 S.W.2d 133, there is no showing of any reason for not literally complying with the statute.

The judgment is affirmed.

All concur.