THORNTON, J.,
dissenting.
This appeal involves the construction and application of Oregon statutes dealing with the authentication and admission into evidence of copies of official records. More specifically, the issue is the validity of the use of a floating signed certificate which may be appended to any set of documents, photocopied and then offered as evidence that the appended documents are true copies of the originals. So far as I can determine this is an issue of first impression in this state.
I am unable to agree with the majority that under our statutes it is unnecessary for the custodian of an official record to actually affix his signature to a certified copy of that record, and that a facsimile signature thereon is legally sufficient. Based upon my *[245] research, it is my conclusion that the pretended certification involved here, which is reproduced in the margin,[1] fails to meet the requirements of our statutes.
Defendant contends that it was error to admit the challenged documents since they bore facsimile signatures of the custodian of such records and were therefore improperly certified, improperly authenticated and were not the best evidence. In support of his contention, defendant points out that Oregon, unlike several other states, has not adopted the ''Uniform Facsimile Signature of Public Officials Act,” and that without a similar law facsimile signatures are insufficient.[2] For reasons which follow, I am compelled to agree.
The manner of conducting chemical analyses of a suspected driver’s breath, blood, urine or saliva is provided for in ORS 487.815, which is the first statute involved here. This section also provides that the State Health Division shall "test and certify’ the accuracy of the equipment to be used and the qualifications and competence of the individuals conducting tests.
Next, ORS 43.330, which deals with the proof of official records of state agencies, in pertinent part provides:
"Other official documents may be proved as follows:
«Hí H« H« H« H«
"(6) Documents of any other class in this state or the United States by the original or by a copy certified by the legal keeper.”
ORS 43.470 provides:
"(1) Whenever a copy of a writing is certified to be used as evidence, the certificate shall state that a copy has been compared by the certifying officer with the *[247] original, and that it is a correct transcript of the whole or of a specified part.

*[246]

*[247] * * * *
"(3) The official seal, if there is any, of the certifying officer, shall also be affixed to the certificate or any other certificate, except when the certificate of a clerk of a court is used in the same court or before an officer thereof.”
ORS 192.050 provides:
"A state agency or political subdivision may, with the approval of the proper budgetary authority, cause any public records in its official custody to be photocopied as in the case of original filings or recordings. Every such reproduction shall be deemed an original; and a transcript, exemplification or certified copy of any such reproduction shall be deemed a transcript, exemplification or certified copy, as the case may be, of the original.”
As I read the above provisions, in order for the challenged documents to be admissible in evidence the certification by the official custodian must bear his actual signature, because without it there is no prima facie evidence that the legal custodian actually certified to the genuineness of the records.
As the Oregon Supreme Court said in the early case of State v. Gee, 28 Or 100, 105, 42 P 7 (1895):
"* * * To 'certify’ means simply 'to testify in writing’; to make a declaration in writing’ — Webster. It is not even necessary that the word 'certify’ or 'certified’ be used in the certificate, but it is sufficient if the required statutory fact be made known in writing under the hand of the officer: State v. Schwin, 65 Wis. 213 (26 N.W. 568). * * *”
Webster’s Third New International Dictionary (3d ed 1971) defines "certify” as
"* * * to confirm or attest often by a document under hand or seal as being true, meeting a standard, or being as represented * * * ”
Apart from statute the general rule is that a proper form of certification of a copy of a public record, such as those, in issue here, requires the signature of the *[248] individual making it. Watson et al. v. Finch, 150 Ind 183, 48 NE 245 (1897). Only copies of official documents properly certified by their custodian are admissible as proof of the contents.
In Ehrlich v. Mulligan, 104 NJL 375, 140 A 463, 465, 57 ALR 596 (1928), it was held that as used in the Evidence Act, § 27, NJSA 2:98-19 (1937) (current version at NJSA 2A:82-16 (I960)), a "certified copy” of a record of a federal court implies more than a "true copy,” and requires that there be a certification under the seal of the court and signature of the clerk that the document so marked is on file in the office of the clerk and is a copy of the document as it remains of record.
Similarly in Miracle v. Commonwealth, Dept. of Highways, 467 SW2d 757, 758 (Ky 1971), the court held that under a statute requiring, for perfecting appeal in condemnation cases from county court to circuit court, that the appealing party file with clerk of circuit court a certified copy of judgment, a statement of parties to appeal, and any exceptions, filing of a "copy attest” of judgment did not satisfy requirement of "certified copy.”
A somewhat related question was presented in Christman v. Salway et al., 103 Or 666, 205 P 541 (1922), which involved the foreclosure of mechanics’ liens. There a notary public had failed to affix his signature to a jurat or oath verifying one of the liens, although he had affixed his notarial seal thereto. The Supreme Court held that the failure of the notary public to affix his signature to the jurat rendered the same a nullity and was fatal to the lien.
I have found only two cases dealing with the validity of the use of facsimile signatures. In State, ex rel Drucker v. Reichle, 52 Ohio L Abs 94, 81 NE2d 735 (Ohio App 1948), a trial judge purported to adopt as his "signature” on a judgment a rubber stamp facsimile signature. The Ohio statute as well as a rule of court required that the journal entry of a judgment be *[249] approved by the court in writing and filed with the clerk. The appellate court held that the requirement of a signature must be literally complied with.
Similarly in Elmer Fox & Co. v. Commercial Union Insurance Co. of N. Y., 274 F Supp 235 (D Colo 1967), the court held that a rubber stamp endorsement consisting of the words "for deposit only” with the name and address of the company was not a signature.
The state’s argument that the statutory presumption that official duty has been regularly performed, ORS 41.360(15), is sufficient, is not persuasive. Where, as here, the statutes specifically require that a copy of an official record must be certified to by its custodian, literal compliance is necessary.
Finally, the majority states:
"* * * Neither authority, nor policy, nor logic suggests any sound reason why a 'signature’ within the meaning of ORS 71.2010(39) [Uniform Commercial Code] should not be deemed a sufficient 'certification’ within the meaning of ORS 43.330.”
I am unable to see how the majority can make the above statement. To the contrary, I find that authority, policy, and logic all are against the majority’s decision. The majority’s reliance on the definition of the word 'signed’ in the Uniform Commercial Code is misplaced. Not only is the Uniform Commercial Code a different body of law designed for entirely different purposes, the section relied on requires that the party adopting a symbol as his signature must have the "present intent” to use it to authenticate a writing. The symbol may not be 'put afloat’ for use at anyone’s convenience.
The rule announced today not only does violence to the statutes and the long-accepted practice in this state, it opens the door to possible falsification by unscrupulous persons through the simple device of using a Xerox machine or any other photocopying *[250] device to fabricate a certificate using a photostatic signature of the legal custodian of any public record.
I would reverse.

See page 246.

 See also, The Uniform Photographic Copies of Business and Public Records as Evidence Act, 9A ULA 579-88 (1965).